THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE GELPÍ, Defendant and Appellant.

No. 10279.   Argued March 16, 1944.—Decided April 28, 1944.

A. D. Marchand Paz for appellant. R. A. Gómez, Prosecuting Attorney, and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Appellant was charged, together with Armando Matta and Fernando Reccio Cruz, with the offense of murder committed on the person of Walter Rochet Gregory on February 15, 1942, in the ward of Pueblo Viejo in Guaynabo. The appellant was tried separately, and the evidence showed that he was the owner of a bar and night club known as "Palo Seco Country Club"; that Walter Rochet Gregory and a friend of his arrived that night at the club; that due to a discussion between these two persons and the waiter who provoked and assaulted them, said waiter, together with a friend of his and the defendant attacked said two persons with chairs and sticks, causing the death of Walter Rocket Gregory on the following day as a result of the injuries received. After the evidence was introduced, the appellant moved the court to instruct the jury to bring a verdict finding the defendant not guilty. Said motion was denied and after the case had been submitted to the jury, the latter reached a verdict finding the defendant guilty of voluntary manslaughter, whereupon the court sentenced him to nine years' imprisonment at hard labor.

The only error assigned by the appellant is that, in accordance with the testimony of the physician who performed the autopsy, the deceased had sustained many injuries produced by a blunt instrument, some of which caused a traumatic shock which, aggravated by the alcohol taken, resulted in his death; that since there was no evidence tending to show that when inflicting said blows, the defendant

and appellant was moved by a common intention with the other two codefendants, and since there was no showing that the blows inflicted by appellant, and not those inflicted by the other codefendants, caused the death of Walter Rochet Gregory, the evidence is insufficient to hold the defendant responsible for said death.

The attorney for the defense admits in his brief that the testimony of six eyewitnesses proved that the appellant and the other two codefendants inflicted blows on the deceased with chairs and sticks. This being so, §36 of the Penal Code is fully applicable herein. It reads as follows:

"All persons concerned in the commission of a crime whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, . . . . are principals in any crime so committed."

The common intention may be express or implied. In the instant case the active part taken by defendant in the commission of the crime, which is admitted by appellant himself, is sufficient proof of the common intention with the other codefendants to commit the offense. See the monograph in 12 A.L.R. 275.

We have no doubt, therefore, that the evidence introduced at the trial was sufficient to support the conviction.

For the reasons stated the judgment appealed from should be affirmed.

Mr. Chief Justice Travieso did not participate herein.